UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

Case No. 2:10-CV-0030-CEH-SPC
Judge Charlene E. Honeywell

CREDIT RESTORATION BROKERS, LLC, et al.,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE;
DEFENDANTS' MOTION TO PROCEED PRO SE;
KURT A. STREYFFELER'S RENEWED MOTION TO WITHDRAW;
AND PARTIES' REQUEST FOR HEARING**

**COME NOW,** the Defendants, CREDIT RESTORATION BROKERS, LLC, ("CRB"), DEBT NEGOTIATION ASSOCIATES ("DNA"), and ALLREPCO, LLC ("ALLREPCO") [collectively referred to as "Defendants"], and file this their Response to Order to Show Cause and their Motion to Proceed Pro Se; and

**COMES NOW,** KURT A. STREYFFELER, ESQ., and files this, his Renewed Motion to Withdraw.

**IN SUPPORT THEREOF** the parties state as follows:

**RESPONSE TO ORDER TO SHOW CAUSE
AND MOTION TO PROCEED PRO SE**

1.    In response to this Honorable Court's order to show cause, Defendants begin by stating that they are in receipt of and have reviewed this Court's Order [denying undersigned counsel's motion to withdraw] and directing Defendants to obtain new counsel within 30 days.

1

2. Fully aware of this directive, Defendants were and are completely without funds necessary to formally retain new counsel, and have been unsuccessful in obtaining pro bono representation.

3. In the case of <u>Virgil L. Light vs. Credit Restoration Brokers, LLC, Sam Sky and Bob Bridegum</u>, Case No. 11000245CC, pending in the Twentieth Judicial Circuit in and for Charlotte County, Florida, CRB filed a Motion to Accept Managing Member and/or Shareholder for Legal Representation of Credit Restoration Brokers, LLC, because CRB could not afford to hire legal representation. The motion was prepared by CRB/Sam Sky without the assistance of undersigned counsel, or any other attorney, and was granted by the Circuit Court. The motion reads in relevant parts as follows:

### "MOTION TO ACCEPT MANAGING MEMBER

Many courts across the country and in Florida have made exceptions to the Lawyer-Representation Rule in allowing a non-attorney to represent a corporation. It is requested that this Honorable Court grant this Motion in favor of the Defendant for the reasons stated herein.
1. Credit Restoration Brokers, LLC ("CRB") is a Florida corporation that is virtually broke and does not have the monies to secure an attorney.
2. CRB has inquired to several attorneys to request pro bono representation and has been unsuccessful in securing legal representation under these conditions.
3. There are no other shareholders of CRB besides Mr. Sam Sky and no other outside parties would be negatively affected by the granting of this Motion.
4. Mr. Sam Sky will attest under oath and is willing to be questioned by the Court that he has reasonable legal knowledge of the court system and his actions will not hinder or delay the Court in the natural due course process of law throughout the litigation in reference to the case herein."

### Citing Other Cases that have Granted Similar Exceptions

499 A.2d at 1174. In the case of <u>Maunder</u>, the court concluded that such representation would not constitute the practice of law because the lay person would not be acting on behalf of another. "(I)n a true sense, …. although she is acting for a separate legal entity, she is the sole owner and stockholder of that entity. In effect she is acting for herself." Because <u>Maunder</u> was not attempting to practice law and was no threat to the public's well-being, she was permitted to represent her corporation.

In <u>A. Victor and Co.</u> v. <u>Sleininger</u>, 9 N.Y.S.2d 323, 326 (N.Y. App. Div. 1939), the court noted that the lawyer-representation rule serves to protect the public from unscrupulous or inexperienced representatives. Nevertheless, the court concluded that where a corporation cannot afford counsel or cannot find an attorney to represent it, the corporation should not be denied its day in court. (The court concluded that she posed no threat to the public well-being by representing her corporation.)

Defendant possesses numerous other cases in which the courts have granted permission for a non-lawyer to represent a corporation. Upon the Court's request, if necessary, the Defendant is willing to supply more of these cases to the Court."

5. Defendants notified undersigned counsel that they were filing the foregoing motion in all pending cases. Undersigned Counsel was of the firm belief that the Defendants were going to pursue this relief in this case, independent of undersigned counsel.

6. Defendants now seek this relief by way of this Motion to Proceed Pro Se and adopt and reallege the language of CRB's Motion to Accept Managing Member as set forth in paragraph 3 above, and incorporate this language herein by reference.

7. Undersigned Counsel acknowledges that this response is being filed 1 business day beyond the October 7, 2011 court ordered deadline due to inadvertence, mistake, and/or excusable neglect, to wit: clerical error. The deadline for the response to the order to show cause was erroneously placed on Undersigned Counsel's calendar for Saturday, October 8, 2011, with a notation that because the calendared deadline fell on a Saturday (October 8, 2011) and Monday (October 10, 2011) was a Federal Holiday, the response would be due on Tuesday, October 11, 2011. It was not until Undersigned Counsel began to prepare this response, that the deadline calendaring error was realized. Even though the Federal Trade Commission was technically closed for the Federal holiday, Undersigned Counsel was able to contact R. Michael Waller, Esq., Attorney for the Federal

Trade Commission, Division of Enforcement ("FTC"), to notify him of this calendaring error. Undersigned Counsel respectfully requests that this Honorable Court accept and consider this response to be filed in good faith.

### KURT A. STREYFFELER'S RENEWED MOTION TO WITHDRAW

8.  Kurt A. Streyffeler, P.A., and Kurt A. Streyffeler, Esq. (hereinafter "undersigned counsel") finds themselves in a serious ethical dilemma. Undersigned counsel was also a named defendant in the above captioned case and entered into a separate Stipulated Order for Permanent Injunction and Final Judgment Against Kurt A. Streyffeler, P.A., and Kurt A. Streyffeler. Undersigned counsel initially agreed to serve as attorney of record for the Defendants in this case for the limited purposes of effectuating a similar settlement and assisting Defendants in entering into their own Stipulated Order for Permanent Injunction and Final Judgment.

9.  Undersigned counsel openly admitted to Defendants that he had limited experience and expertise in Federal court litigation, especially against a governmental entity such as the FTC. Undersigned counsel also addressed in great detail the possibility of an actual conflict between Undersigned counsel and Defendants in the event that this matter became contested. At that time, Defendants waived any potential conflict of interest concerns in writing.

10. Undersigned counsel and Defendants collectively contacted and consulted with the law firm of Holland and Knight, LLC, in the event that this case became contested and a litigation attorney with experience in cases involving the FTC as Plaintiff was deemed necessary.

11.     At no time did undersigned counsel or Defendants have an agreement that undersigned counsel would be obligated to continue to provide post judgment representation. Notwithstanding, Defendants inability to pay, Defendants indicated in writing that they did not request and were specifically terminating undersigned counsel's legal representation.

12.     Defendants have made it abundantly clear that they consider this post judgment matter to be contested and that they did not want to pursue settlement in the same manner as they did in the initial Stipulated Order. Undersigned counsel announced to Defendants once again that he lacked the experience and expertise necessary to competently handle contested post stipulated judgment proceedings with the FTC.

13.     In addition, even though undersigned counsel has not been named in any of these post judgment claims, Defendants are also refusing to waive any potential conflict of interest with undersigned counsel in these post judgment proceedings.

14.     The purpose of this Motion is not intended to cause delay with the proceedings or interfere with the efficient and proper functioning of the Court.

15.     All future pleadings and correspondence should be directed to the Defendants, SAM SKY and his companies, CREDIT RESTORATION BROKERS, LLC, DEBT NEGOTIATION ASSOCIATES, and ALLREPCO LLC, at 10600 Chevrolet Way, #250, Estero, Florida 33928, Telephone No.: (239) 425-0885.

16.     Undersigned counsel has given opposing counsel, Defendants, CRB, DNA and ALLREPCO, and Sam Sky prior 10 day notice of his desire and intent to withdraw, as required by Local Rule 2.03(b).

## PARTIES' REQUEST FOR HEARING

17.  The Parties respectfully request an opportunity to be heard at a duly noticed hearing on all matters set forth in the Motions herein.

**WHEREFORE**, Defendants, CREDIT RESTORATION BROKERS, LLC, DEBT NEGOTIATION ASSOCIATES, LLC, and ALLREPCO, LLC, respectfully request that this Court enter an order that allows them to proceed pro se and adopt all of the pleadings filed by Sam Sky, pro se, as their operative pleadings.  In addition, undersigned counsel, KURT A. STREYFFELER, P.A. and KURT A. STREYFFELER, Esquire, respectfully request that this Court enter an order allowing them to withdraw from the above referenced case and direct all future pleadings and correspondence to the Defendants at 10600 Chevrolet Way, #250, Estero, Florida  33928, Telephone No.: (239) 425-0885.

The parties also request such other and further relief as this Court deems just and equitable.

**DATED** this 10th day of October, 2011.

> **KURT A. STREYFFELER, P.A.**
> Post Office Box 777
> Fort Myers, Florida 33902-0777
> Telephone: (239) 332-2900
> Facsimile:  (239) 332-2901
> kas@streflaw.com
>
> By:  /s/ Kurt A. Streyffeler, Esquire
>    KURT A. STREYFFELER, ESQ.
>
> Florida Bar No. 0750484

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2011, I electronically filed the foregoing Defendants Response to Order to Show Cause, Defendants Motion to Proceed Pro Se,

Kurt A. Streyffeler's Renewed Motion to Withdraw, and Parties' Request for Hearing with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to the ECF participating parties, or by regular U.S.P.S. mail to the parties who are not receiving documents by electronic service:

Michael J. Davis NY 3049095
R. Michael Waller GA102886
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Ave., NW,
Suite M-8102B
Washington, DC 20580
(202) 326-2558 (facsimile)
(202) 326-2458, Davis
(202) 326-2902, Waller
mdavis@ftc.gov
rwaller@ftc.gov
Attorneys for Plaintiff,
Federal Trade Commission

Sam Sky, Pro Se
Credit Restoration Brokers, LLC
Debt Negotiation Associates, LLC
Allrepco, LLC
10600 Chevrolet Way, #250
Estero, Florida 33938
ssky@crbcredit.com
(239) 425-0885
(233) 425-0895 (facsimile)

**KURT A. STREYFFELER, P.A.**
Post Office Box 777
Fort Myers, Florida 33902-0777
Telephone: (239) 332-2900
Facsimile:  (239) 332-2901
kas@streflaw.com

By:  /s/ Kurt A. Streyffeler, Esquire
  KURT A. STREYFFELER, ESQ.

Florida Bar No. 0750484